NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR AVALOS-GONZALEZ, AKA Edgar Adrian Avalos-Gonzalez, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-71136 Agency No. A095-738-076 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2019[**]

Before: LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Edgar Avalos-Gonzalez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision finding him ineligible for withholding of

removal and denying relief under the Convention Against Torture ("CAT"). Our

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's particularly serious crime determination and review for substantial evidence the denial of CAT relief. *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in determining that Avalos-Gonzalez's conviction for robbery under California Penal Code § 211 was a particularly serious crime that rendered him ineligible for withholding of removal, where the agency cited to and applied the correct legal analysis to appropriate record evidence. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *see also Konou*, 750 F.3d at 1126-27 (listing factors to consider in determining whether a crime is particularly serious and finding no abuse of discretion in the particularly serious crime determination). To the extent Avalos-Gonzalez asks the court to review the agency's weighing of those factors, we lack jurisdiction to do so. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077-78 (9th Cir. 2015) (the court may not reweigh the evidence and reach its own conclusion in review of the agency's particularly serious crime determination).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Avalos-Gonzalez failed to show that it is more likely than not that he would be tortured by or with the acquiescence of the government of

Mexico.  *See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (not clear past

harms rose to the level of torture).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**